UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORGE DIAZ,

        Plaintiff,

v.                       Case No. 8:08-cv-1203-T-33TBM

CITY OF LAKELAND, et al.,

        Defendants.

## **O R D E R**

This cause is before the Court on Defendants Monroe's, Williams', and the City of Lakeland, Florida's motions to dismiss Plaintiff Diaz's amended 42 U.S.C. § 1983 civil rights complaint[1] (hereinafter "amended complaint" or "complaint") (Doc. Nos. 39, 40, 41) and Plaintiff Diaz's response to the motions to dismiss. (Doc. No. 46). Diaz alleges that Defendants Monroe and Williams violated his constitutional rights by using excessive force in arresting him and that the alleged excessive force resulted in serious bodily injury, Diaz contends that the City of Lakeland is "ultimately responsible for its police deptment's [sic] actions." (Doc. No. 33 at 3). Diaz seeks money damages.

STANDARD OF REVIEW FOR RULE 12(b)(6) MOTIONS TO DISMISS

On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*,

---

[1] The amended complaint is document number 33.

321 F.3d 1334, 1335 (11th Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. While a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

While a pro se litigant's pleadings are held to less stringent standards than those drafted by an attorney, they must meet the minimum pleading standards. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). **Because Diaz can prove no set of facts in support of his claim(s) that would entitle Diaz to relief, Defendants' motions to dismiss must be granted.**

## DISCUSSION

## CLAIMS AGAINST DEFENDANT MONROE

In his amended complaint dated May 29, 2009, Diaz alleges that on August 6, 2005, Defendant Monroe, a law enforcement officer with the Lakeland Police Department, stopped Diaz while Diaz was riding his bicycle. (Doc. No. 33 at 8-9). Diaz further alleges that when he asked Defendant Monroe the reason for the stop, Officer Monroe attacked Diaz by reaching for and grabbing Diaz's mouth, and in the process of doing so, "knocked" Diaz from his bicycle. Diaz claims that Defendant Monroe then slammed his knee into Diaz's foot, "causing extreme pain." (Doc. No. 33 at 8-9). Diaz alleges that he "yelled for help" and that Defendant Monroe "ordered [Diaz] to spit out alleged cocaine which he did not have," nor has any cocaine been produced "to warrant this stop." (Doc. No. 33 at 9). Diaz further

asserts that his foot "was broken due to this vicious, unwarranted, unlawful, deliberate attack by Officer Monroe," which Diaz alleges "was predicted upon Officer Adam Williams' misinformation concerning an alleged drug transaction which never transpired." (Doc. No. 33 at 9). Diaz further alleges "[s]aid excessive force used against Diaz violated substantive due process, due process, was racially motivated and violated Diaz's civil and constitutional rights." (Doc. No. 33 at 9).

**Due Process**

Diaz fails to state a claim for relief to the extent he attempts to allege a cause of action for violation of his due process rights. The Fourteenth Amendment protects against state action resulting in a deprivation of a constitutionally protected interest in "life, liberty or property." *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). The Fourteenth Amendment's Due Process Clause provides two kinds of protection: procedural and substantive. *Albright v. Oliver*, 510 U.S. 266, 272 (1994). The complaint is unclear as to whether Diaz claims substantive or procedural due process violations. For the reasons below, he is not entitled to relief on either.

Procedural Due Process

To establish a procedural due process claim, the plaintiff must demonstrate 1) the deprivation of a protected property interest; and, 2) the failure of the government to provide adequate procedures to remedy the deprivation. *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000). Property rights are created by state law so federal courts look to state law to determine whether a party has a "protectable" property right. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002).

Diaz fails to allege a property right or the failure of the government entity to provide adequate procedures to remedy an alleged deprivation of any procedural due process claim.

## Substantive Due Process

The substantive due process clause protects "those rights that are 'fundamental,' that is, rights that are implicit in the concept of ordered liberty." *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). Substantive Due Process claims are limited in nature; "[t]he protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation and the right to bodily integrity . . . ." *Albright v. Oliver*, 510 U.S. 266, 273 (1994). However, the Supreme Court has determined that "'[w]here a particular amendment 'provides an explicit textual source of constitutional protection against a particular sort of governmental behavior,' that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright*, 510 U.S. at 273 (internal citations omitted); *see also Tinney v. Shores*, 77 F.3d 378, 380-81 (11th Cir. 1996) (holding that the plaintiffs' Fourteenth Amendment substantive due process claim was foreclosed because the Fourth Amendment provided protection for his claim that law enforcement officers participated in an unlawful seizure of their mobile home); *Reese v. Herbert*, 527 F.3d 1253, 1262 (11th Cir. 2008). In the present case, the Fourth Amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, and the Fourteenth Amendment's substantive due process clause affords Diaz no relief. Therefore, Diaz's substantive due process claim is foreclosed by *Albright* and its progeny.

Accordingly, regardless of whether Diaz is attempting to assert a claim for procedural or substantive due process, the claim must fail based on the insufficiency of Diaz's

allegations in his amended complaint identifying a property or liberty interest that was implicated in the altercation with Defendant Monroe.

**Qualified Immunity**

Furthermore, Defendant Monroe is entitled to qualified immunity as to all of Diaz's claims. The purpose of qualified immunity is to allow government officials to carry out their discretionary duties without fear of personal liability or harassing litigation, thus protecting from suit "all but the plainly incompetent or one who is knowingly violating the Federal law." *Storck v. City of Coral Springs*, 354 F. 3d 1307, 1314 (11th Cir. 2003)(citations omitted).

Standard of Review for Qualified Immunity

Qualified immunity protects officials performing discretionary functions from liability "where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gold v. City of Miami*, 121 F.3d 1442, 1445 (11th Cir. 1997)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Storck v. City of Coral Springs*, 354 F.3d 1307, 1313 (11th Cir. 2003). As long as an official's conduct is not unlawful, the doctrine of qualified immunity exempts government official from damage suits to enable them to perform their responsibilities without threats of liability. *Hutton v. Strickland*, 919 F.2d 1531, 1536 (11th Cir. 1990). Qualified immunity is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *McCoy v. Webster*, 47 F.3d 404, 407 (11th Cir. 1995)(quoting *Valley v. Briggs*, 475 U.S. 335, 341 (1986)).

A government official's conduct is evaluated under an "objective legal reasonableness" standard. *Koch v. Rigg*, 221 F.3d 1283, 1295 (11th Cir. 2000). Subjective intent is irrelevant to the issue *Id.* Under the "objective legal reasonableness" standard, a government official performing discretionary functions is protected if "a reasonable official

could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time of conduct occurred." *Harbin v. Hayes,* 957 F.2d 845, 848 (11th Cir. 1992). The Supreme Court has set forth a two part analysis to be applied to a defense of qualified immunity. *Hope v. Pelter*, 536 U.S. 730, 736 (2002); *Saucier v. Katz,* 533 U.S. 194, 201 (2001). The threshold inquiry a court must undertake is whether Diaz's allegations, if true, establish a constitutional violation. If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. *Saucier*, 533 U.S. at 201. However, if a constitutional right would have been violated under Diaz's version of the facts, the next sequential step is to ask whether the right was clearly established. *Id.*; *Storck*, 354 F.3d at 1314. The *Saucier* analysis is still an appropriate consideration in qualified immunity cases but the sequence of analysis should not be regarded as an inflexible requirement in all cases. *Pearson v. Callahan*, 129 S. Ct. 808 (2009).

In *Saucier*, the Supreme Court stated that the relevant query is whether it "would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. In *Hope,* the Supreme Court refined the *Saucier* query, holding that the "…salient question… is whether the state of law gave [the officers] fair warning that their alleged treatment [of Diaz] was unconstitutional." The *Hope* Court emphasized that officers sued in a section 1983 action have a "right to fair notice." 536 U.S. at 739. To demonstrate that summary judgment is appropriate on a qualified immunity defense, the defendant must show that he is entitled to judgment as a matter of law, and that there are no genuine issues of material fact pertinent to that law. *Sims v. Metro Dade County*, 972 F.2d 1230, 1233-34 (11th Cir. 1992)(citing *Rich v. Dollar*, 841 F.2d 1558, 1562 (11th Cir. 1988)).     In the

Eleventh Circuit, "for the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors in the defendants' place, that what he is doing violates federal law." *Jenkins by Hall v. Talladega City Board of Education*, 115 F.3d 821, 823 (11th Cir. 1997)(en banc)(citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

"[A] public official is entitled to qualified immunity unless, at the time of the incident, the preexisting law dictates, that is, truly compel[s], the conclusion for all reasonable similarly situated public officials that what [the official] was doing violated [the plaintiff's] federal rights in the circumstance." *Wilson v. Zellner*, 200 F.Supp. 2d 1356, 1360 (M.D. Fla. 2002), (citing *Marsh v. Butler County*, 268 F.3d 1014, 1030-31 (11th Cir. 2001)(en banc)).

In the present case, it is clear that Defendant Monroe was acting within the scope of his discretionary authority as a law enforcement officer when he stopped Diaz and asked that he '"spit out" the cocaine Defendant Monroe believed Diaz was carrying in his mouth. Once Officer Monroe established he was acting within the scope of his discretionary authority, the burden shifted to Diaz to establish that qualified immunity does not apply.

The Supreme Court has established a two-part test for evaluating claims of qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). To determine if a plaintiff has met his burden of establishing that qualified immunity does not apply, the court must first ask whether the facts alleged, taken in the light most favorable to the plaintiff, establish a constitutional violation. *See id.* Second, if a constitutional right would have been violated under the plaintiff's version of the facts, the court must then determine whether that right is clearly established. *See id.* If no constitutional violation is established, the officer prevails

and there is no necessity for further inquiry regarding qualified immunity. However, if the facts establish a constitutional violation, the court must then decide whether, at the time of the violation, the right was clearly established. This inquiry "must be undertaken in light of the specific context of the case [and] not as a broad general proposition . . . ." *Id.* For a constitutional right to be "clearly established," its boundaries "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope*, 536 U.S. at 739.

Diaz claims he was injured during the course of a stop, but fails to identify any particular constitutional violation. To the extent Diaz's amended complaint makes a claim for violation of his due process rights, Defendant Monroe is entitled to qualified immunity because, as set forth above, Diaz cannot identify a due process interest that was implicated in the stop by Defendant Monroe. Moreover, as for Diaz's excessive force claim, such a claim is properly analyzed under the Fourth Amendment, and for the following reasons, Defendant Monroe is also entitled to qualified immunity on this claim.

The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat to effect it. *Jackson v. Sauls*, 206 F.3d 1156 (11th Cir. 2000). To determine whether the force used to make an arrest or investigatory stop is reasonable under the Fourth Amendment requires a balancing of the nature and quality of intrusion on an individual's Fourth Amendment interest against countervailing governmental interests. *Id.*

In determining whether an officer's use of force is objectively reasonable under the Fourth Amendment, the Court considers factors such as the need for application of force; the relationship between the need and amount of force used; the extent of the injury inflicted

and whether force was applied in good faith or maliciously and sadistically. Furthermore, in making this objective assessment, the court may consider, in addition to physical injury, other relevant factors including the possibility that persons subject to police action are themselves violent or dangerous; the duration of the action; whether the action takes place in the context of effecting an arrest; the possibility that a suspect may be armed: the number of persons with whom police officers must contend at one time; the severity of the crime; whether the suspect posed an immediate threat; and whether the suspect was resisting or fleeing. *See Jackson v. Sauls. See also Durruthy v. Pastor*, 351 F.3d 1080, 1094 (11th Cir. 2003)(court noted that some use of force by a police officer when making a custodial arrest is necessary and altogether lawful, regardless of the severity of alleged offense); *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000).

In *Graham v. Connor,* 490 U.S. 386 (1989), a diabetic brought a § 1983 action seeking to recover damages for injuries allegedly sustained when law enforcement officers used physical force against him during the course of an investigatory stop. The Supreme Court held that a claim that law enforcement officials have used excessive force in the course of an arrest, investigatory stop or other "seizure" of a person, are properly analyzed under the Fourth Amendment's "objective reasonableness" standard. *Id*. The Supreme Court stated that the "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, and the calculus of reasonableness must allow for the fact that police officers are often forced to make split-second judgments, in circumstances that are tense, uncertain and rapidly evolving, about the amount of force that is necessary in a particular situation." *Id.* The Supreme Court noted that in determining whether the force used to affect a particular seizure is reasonable under the Fourth

Amendment, the question is "whether an officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.*

While Diaz makes conclusory statements that he was subjected to an unwarranted attack, he clearly states that Defendant Monroe grabbed for his mouth while telling him lo spit out the cocaine Defendant Monroe believed Diaz was carrying in his mouth. (Doc. No. 33 at 9). In the course of the incident, Diaz was "knocked off" his bicycle. He alleges that after this happened, Defendant Monroe "knee slammed" him in the foot. (Doc. No. 33 at 9). While Diaz generally alleges he was subjected to "excessive force" and sets forth his injuries, he fails to allege more than lawful contact by Defendant Monroe when effectuating a detention or arrest.

The conduct Diaz alleges on the part of Defendant Monroe does not rise to the level of conduct the Eleventh Circuit has determined to constitute excessive force. For instance, in *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000), the plaintiff alleged the defendant officer grabbed him from behind by the shoulder and wrist; threw him against a van three or four feet away; kneed him in the back and pushed his head into the side of the van; searched his groin area in an uncomfortable manner; and handcuffed him. *Id.* at 1255. The Eleventh Circuit found that the officer's actions did not constitute excessive force. *Id. 1258.*

While Diaz alleges his foot was broken in the course of the arrest, the actions he alleges Defendant Monroe took do not rise to the level of conduct at issue in *Nolin*, and therefore appear to be lawful and not excessive. Diaz has not met his burden to defeat Defendant Monroe's entitlement to qualified immunity.

## CLAIMS AGAINST DEFENDANT WILLIAMS

Diaz fails to identify any legal basis for a cause of action against Defendant Williams. Mere conclusory allegations that a plaintiff has suffered some grievance are insufficient to state a legally cognizable claim and thereby overcome a motion to dismiss. *See*, e.g., *Clark v. Sierra*, 837 F.Supp. 1179, 1181 (M.D. Fla. 1993). In the instant case, Diaz fails to identify any state or federal statutory, constitutional, or common law violation by Defendant Williams.

While Defendant Williams acknowledges that Diaz makes reference to alleged "excessive force" by Defendant Monroe, Diaz fails to allege any facts that show or tend to show Defendant Williams used excessive force against Diaz.

Diaz makes only a single, vague reference to Defendant Williams' purported "mis-information" regarding an alleged "drug transaction." Diaz makes no further allegation explaining what actions by Defendant Williams constituted the "mis-information" he alleges caused Diaz injury. Such conclusory allegations - that Diaz was injured as a result of Defendant Williams' "misinformation" regarding an alleged "drug transaction" - are simply insufficient to state a claim for which relief can be granted against Defendant Williams.

### Due Process

Moreover, to the extent Diaz is attempting to assert a due process claim against Defendant Williams, such claim fails based on the allegations set forth in Diaz's amended complaint for the same reasons that the claim fails against Defendant Monroe. (See above).

### Qualified Immunity

Defendant Williams is also entitled to qualified immunity. Based upon Diaz's allegation that Defendant Williams conveyed some type of "mis-information," it can also be inferred that he was acting with Defendant Monroe, although Defendant Williams' role is not clear. However, Diaz's allegations demonstrate that Defendant Williams was acting within the scope of his discretionary authority when Defendant Williams apparently provided Defendant Monroe information that resulted in Diaz's being stopped.

Diaz fails to make any allegations that Defendant Williams subjected him to an unwarranted attack and therefore, Diaz cannot demonstrate a constitutional violation by Defendant Williams. Under the standard for qualified immunity set out above, Diaz must rebut Defendant Williams' claim that he is entitled to qualified immunity. Diaz has not done so.

## CLAIMS AGAINST CITY OF LAKELAND, FLORIDA (LAKELAND)

While Diaz does not specifically identify the constitutional right he claims Defendant Lakeland violated, he does state that "[t]his |is a] 1983 Civil Action for Damages/Injury caused by Defendants in Excessive Force Action Which Resulted in Serious Injury to Plaintiff During Arrest." (Doc. No. 33 at 4, 8). Other than Diaz's single statement that "ft]he City of Lakeland is ultimately responsible for its Police Department's Actions," Diaz makes no other factual allegations pertaining to any action or inaction by Lakeland. Consequently, Diaz fails to state a claim against Lakeland for any cause of action arising under 42 U.S.C. § 1983.

Municipal liability under 42 U.S.C. § 1983 cannot be premised on the traditional theory of *respondent superior. See Monnell v. Dep't of Social Services*, 436 U.S. 658,. 691 (1978). A local government may be liable under section 1983 for deprivation of constitutional

rights only where there is an official policy that was the "moving force of the constitutional violation." *Id.* at 694; *see also Edgewater v. Montesano*,. 477 So. 2d 54 (Fla. 5th DCA 1985). There must be a direct link between the alleged constitutional deprivation and the municipal policy or custom. *Snow v. City of Citronelle*, 420 F.3d 1262, 1271 (11th Cir. 2005). Thus, in order to impose liability upon a municipality pursuant to section 1983, the plaintiff must show he suffered a violation of his constitutional rights; the municipality's customs or policies "constituted deliberate indifference" to the plaintiffs constitutional rights; and the policy or custom caused the violation of his rights. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citations omitted).

Diaz fails to allege any legal or factual basis that establishes the officers' allegedly unconstitutional actions were taken pursuant to any custom or policy of Lakeland or that Lakeland tacitly authorized or displayed deliberate indifference to such actions. *See e.g., Dorsey v. Wallace*, 134 F.Supp.2d 1364, 1369 (N.D. Ga. 2000). Diaz, moreover, fails to allege any facts indicating Lakeland was aware of any past or present constitutional violations on the part of the officers. Rather, Diaz merely asserts that Lakeland is "ultimately responsible" for the actions of its police officers. Such conclusory allegations are insufficient to state a claim against Lakeland under 42 U.S.C. § 1983 because they allege nothing more than *respondent superior* liability. In the absence of policies or customs regarding the use of excessive force, Diaz cannot establish municipal liability under Section 1983.

### DIAZ'S RESPONSE TO MOTIONS TO DISMISS

Diaz's response to the motions to dismiss is not persuasive, as he fails to show that **he can prove any set of facts in support his claim(s) that would entitled Diaz to relief.**

Accordingly, the Court orders:

That Defendants' motions to dismiss (Doc. Nos. 39, 40, 41) are granted. The Clerk is directed to enter judgment against Diaz and to close this case.

ORDERED at Tampa, Florida, on January 12, 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Jorge Diaz